UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND AND PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 35 HEALTH AND WELFARE FUND, <br><br> Plaintiffs, <br><br> V. <br><br> GEICO (Government Employees Insurance Company) <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   C.A. NO. <br> ) <br> ) <br> ) <br> ) <br> ) |

PETITION FOR DECLARATORY RELIEF

INTRODUCTION

This Petition is being brought pursuant to 28 U.S.C. §2201 and 29 U.S.C. §1144 against a nationwide insurance company by two Taft-Hartley, jointly-administered health benefit funds as defined in 29 U.S.C. §1002 and pursuant to Federal Rules of Civil Procedure Rule 57.

JURISDICTION

1.    This Court has subject matter jurisdiction to hear and decide this action under 28 U.S.C. §1331.

PARTIES

2.      The New England Laborers' Health and Welfare Benefit Fund is an employee benefit plan as defined in 29 U.S.C. §1002(3)(3) and pays health benefit claims on behalf of its participants.

3.      Painters District Council No. 35 Health and Welfare Fund is an employee benefit plan as defined in 29 U.S.C. §1002(3)(3) and pays health benefit claims on behalf of its participants.

4.      On information and belief, the Defendant GEICO, (Government Employees Insurance Company), is authorized to do business in the Commonwealth of Massachusetts and the several states.

FACTS

5.      G.L. c.90 §34M, in conjunction with G.L. c. 90, §34A, is a Massachusetts statute that governs the payment by insurance companies of personal injury protection (PIP) as a result of injuries received in an automobile accident.  The statute provides that the insurance carrier is responsible absolutely for the first $2,000 of health benefit claims under the PIP coverage section and that if the insured is not covered by another insurance company policy, then the PIP carrier must pay up to $8,000 in health benefit claims.

6.      Several participants of the Plaintiffs Funds have been involved in automobile accidents where they were injured and required coverage under the PIP section of the auto policy.  GEICO has refused to pay beyond the $2,000 initial limit claiming that the Plaintiffs are bound by Massachusetts state law and should be paying all claims after the $2,000 threshold.

7.      GEICO argues that because the Plaintiffs have obtained stop-loss insurance as an additional form of coverage, Plaintiffs are not fully self-funded and therefore no longer qualify for ERISA exemption.

2

8.    The Plaintiffs have consistently advised GEICO that they are and remain exempt from all state laws governing insurance by 29 U.S.C. §1144.  As a result of this dispute between the Plaintiffs and the Defendant, the Defendant is refusing to pay the health benefit claims of the Plaintiffs' participants which are continuing unpaid.

9.    The health care providers are turning to the participants seeking reimbursement for the health benefits provided to them as a result of the injuries and, in some cases, they are being dunned.

CAUSE OF ACTION

10.    The Plaintiffs restate all of their allegations contained in paragraphs 1 through 9 as if more completely set forth herein.

11.    The Plaintiffs are entitled to seek declaratory relief from this Court pursuant to 28 U.S.C. §2201 and 29 U.S.C. §1144.

12.    Plaintiffs are requesting that this Court issue a judgment declaring that the Plaintiffs are pre-empted by 29 U.S.C. §1144 from any coverage required by state law G.L. c.90 §34M  and that the Defendant must pay the personal injury protection claims of all participants up to $8,000 per accident.

13.    The decision in either party's favor will resolve this dispute.

14.    There are presently participants from both of the Plaintiff Funds who are not getting their health claims paid and who require resolution to this dispute.

Wherefore, the Plaintiffs respectfully request that

1.    This Court issue a judgment declaring that the Massachusetts statute G.L. c.90 §34M is pre-empted with respect to the personal injury protection coverage contained in that statute by 29 U.S.C. §1144; and

2.     An order demanding that the Defendant pay the outstanding benefit claims of all

participants of the Plaintiff Funds that are outstanding now and at the resolution of this matter;

and

3.     Enter such other orders and such additional relief as the Court deems proper.

MASSACHUSETTS LABORERS' HEALTH
AND WELFARE FUND AND PAINTERS AND
ALLIED TRADES DISTRICT COUNCIL 35
HEALTH AND WELFARE FUND
By their attorney,


DATED:  February 21, 2014                            /s/ Miranda S. Jones
                                                     Miranda S. Jones – BBO 557803
                                                     James F. Grosso – BBO 213320
                                                     O'Reilly, Grosso & Gross, P.C.
                                                     1661 Worcester Road, Suite 403
                                                     Framingham, MA 01701
                                                     Tel:  508/620-0055
                                                     mjones@ogglaw.com